# EXHIBIT 1

# CIRCUIT COURT SUMMONS

## STATE OF TENNESSEE
## RUTHERFORD COUNTY
## 16TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

MATTHEW SCHEMER,

Plaintiffs

CIVIL ACTION
DOCKET NO. 68183

**Method of Service:**

☐ Rutherford Co. Sheriff

☐ Out of County Sheriff

☑ Secretary of State

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Vs.

H & O TRANSPORT, INC.

In c/o William Owen Buchanan

Greenburg Road

Campbellsville, KY 42718

Defendant

To the above-named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 20 North Public Square, Judicial Building, Murfreesboro, Tennessee 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: *June 11, 2014*

**LAURA BOHLING**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Sara F. Reynolds (#21469) |
|---|---|
| or | Sean C. Wlodarczyk (#30410) |
| | Anderson & Reynolds PLC |
| PLAINTIFF'S ADDRESS | 3100 West End Avenue, Suite 225 |
| | Nashville, Tennessee 37203 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**LARA BOHLING**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 2014.

_____
**SHERIFF**

To request an ADA accommodation, please contact Sonya Stephenson at (615) 494-4480.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2014, I:

[____] served this summons and complaint / petition on _____

_____ in the following manner:

_____

[____] failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____ , 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ ,20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____ , 20_____ Said return

receipt is attached to this original summons, and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 2014.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY, OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

      Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, Laura Bohling, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

LAURA BOHLING, CLERK

(To be completed only if
copy certification required.)

# STATE OF TENNESSEE
# RUTHERFORD COUNTY
## 16TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

MATTHEW SCHEMER,

CIVIL ACTION
DOCKET NO. _68183_

Plaintiffs

**Method of Service:**

☐ Rutherford Co. Sheriff

☐ Out of County Sheriff

☑ Secretary of State

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Vs.

STACY COLVIN

625 ½ Lebanon Avenue

Campbellsville, KY 42718

Defendant

**To the above-named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 20 North Public Square, Judicial Building, Murfreesboro, Tennessee 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _June 11, 2014_

**LAURA BOHLING**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Sara F. Reynolds (#21469) |
| or | Sean C. Wlodarczyk (#30410) |
| | Anderson & Reynolds PLC |
| PLAINTIFF'S ADDRESS | 3100 West End Avenue, Suite 225 |
| | Nashville, Tennessee 37203 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**LARA BOHLING**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 2014.

_____
**SHERIFF**

To request an ADA accommodation, please contact Sonya Stephenson at (615) 494-4480.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2014, I:

[    ]    served this summons and complaint / petition on _____

_____ in the following manner:

_____

[    ]    failed to serve this summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No.

_____ to the defendant, _____. On the _____ day of

_____,20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____. Said return

receipt is attached to this original summons, and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 2014.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY, OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, Laura Bohling, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

LAURA BOHLING, CLERK

(To be completed only if
copy certification required.)

D.C.

| CIRCUIT COURT SUMMONS | MURFREESBORO, TENNESSEE |
|---|---|

## STATE OF TENNESSEE
## RUTHERFORD COUNTY
### 16TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

MATTHEW SCHEMER,

_____

_____

Plaintiffs

CIVIL ACTION
DOCKET NO. _68183_

Vs.

ERIE INSURANCE EXCHANGE

In c/o TN Dept. of Commerce and Insurance

_____

_____

Defendant

**Method of Service:**

☐ Rutherford Co. Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☐ Personal Service

☒ Commissioner of Insurance

To the above-named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 20 North Public Square, Judicial Building, Murfreesboro, Tennessee 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _June 11, 2014_

**LAURA BOHLING**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Sara F. Reynolds (#21469) |
|---|---|
| or | Sean C. Wlodarczyk (#30410) |
| | Anderson & Reynolds PLC |
| | 3100 West End Avenue, Suite 225 |
| PLAINTIFF'S ADDRESS | Nashville, Tennessee 37203 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**LARA BOHLING**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 2014.

_____
**SHERIFF**

Case 3:14-cv-01442 Document 1-1 Filed 07/10/14 Page 6 of 26 PageID #: 9

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2014, I:

[    ] served this summons and complaint / petition on _____

_____ in the following manner:

[    ] failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____,20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____ . Said return

receipt is attached to this original summons, and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 2014.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY, OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

    Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, Laura Bohling, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

LAURA BOHLING, CLERK

(To be completed only if
copy certification required.)

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

MATTHEW SCHEMER,                     )
                                     )
    Plaintiff,   )
                                     )
v.                                   )    Case no. *68183*
                                     )    **JURY DEMAND**
H & O TRANSPORT, INC., and           )
STACEY E. COLVIN                     )
                                     )
    Defendants.  )

## COMPLAINT

### Section 1: Parties

1.    Plaintiff Matthew Schemer is a resident of Indiana and lives at 3388 Smoky Mountain Drive, Lawrenceburg, IN 47025.

2.    Defendant H & O Transport, Inc. (hereinafter, "H & O"), is a Kentucky corporation. Its principal place of business is 350 Industrial Drive, Campbellsville, KY 42718. Its registered agent for service of process is William Owen Buchanan, who can be served with process at Greenburg Road, Campbellsville, KY 42718. H & O's USDOT number is 192981.

3.    As part of Defendant H & O's business operations, it provides trucking services, and maintains a fleet of more than two dozen tractor-trailer units that regularly travel through Tennessee as part of its business operations.

4.    Defendant Stacey Colvin is a citizen and resident of Kentucky, and may be served at 625 ½ Lebanon Avenue, Campbellsville, KY 42718.

5.    On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O. All of his conduct, with regard to the events alleged in this Complaint, was within the course and scope of his employment/agency with H & O.

6.      Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for the conduct of Defendant Colvin in operating the tractor-trailer on June 13, 2013.

## Section 2: Venue and Jurisdiction

7.      Venue lies in Rutherford County, TN under Tenn. Code Ann. § 20-4-101 as the tortious acts complained of in this Complaint occurred in Rutherford County, TN.

8.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to Tenn. Code Ann. § 16-10-101.

9.      This Court has jurisdiction over the Defendants pursuant to Tenn. Code Ann. § 20-2-214 and Tenn. Code Ann. § 20-2-201 as the tortious acts alleged in this Complaint occurred in Tennessee.

## Section 3: Facts

10.     Just after midnight in the early morning of June 13, 2013, Mr. Schemer was riding on Interstate-24 through Rutherford County in a Kia automobile (the "Kia").

11.     The Kia was driven by Mr. Schemer's girlfriend, Jodi Moore.

12.     Due to a trucking accident near mile marker 89, traffic on Interstate 24 came to a stop.

13.     Ms. Moore stopped the Kia near mile marker 81 in the center lane of the freeway.

14.     Behind the Kia were two other vehicles: a Honda (the "Honda") and then an Oldsmobile (the "Oldsmobile").

15.     Both the Honda and the Oldsmobile were driven by friends of Mr. Schemer.

16.     Both the Honda and the Oldsmobile came to a complete stop in the center lane of the freeway, behind the Kia.

17.     Just after midnight in the early morning of June 13, 2013 Defendant Colvin was also driving on Interstate 24.

18.     Just after midnight in the early morning of June 13, 2013 Defendant Colvin was driving a tractor trailer registered to Defendant H & O. The tractor trailer was comprised of (A) a truck bearing VIN# 1XKAD49X3DJ346211 and Indiana license plate number 115275, and (B) a trailer bearing VIN# 1UYVS2537CG437229 and Kentucky license plate number 1144190T.

19.     Defendant H & O owned the tractor trailer being driven by Defendant Colvin on June 13, 2012.

20.     The tractor trailer being driven by Defendant Colvin on June 13, 2013, was registered to Defendant H & O.

21.     Defendant Colvin was operating the tractor trailer with the authority, consent, and knowledge of Defendant H & O.

22.     Defendant Colvin was operating the tractor trailer on June 13, 2013, for the benefit of Defendant H & O.

23.     Just after midnight in the early morning of June 13, 2013 Defendant Colvin was heading in the same direction as Mr. Schemer on Interstate 24.

24.     As reflected in the Federal Motor Carrier Safety Administration documents attached as Exhibit 1, at the time in which Defendant Colvin was driving in Rutherford County on June 13, 2013, he had driven more than eleven hours in the prior fourteen hours.

25.     As reflected in the Federal Motor Carrier Safety Administration documents attached as Exhibit 1, at the time in which Defendant Colvin was driving in Rutherford County

on June 13, 2013 he had falsely reported his driving hours in his federally mandated record of duty status.

26. As of 12:00 a.m. on June 13, 2013, Defendant Colvin's continued operation of the tractor trailer was unlawful.

27. Defendant Colvin was not the only H & O employee who failed to comply with Federal Motor Carrier Safety Administration regulations.

28. In the thirteen months prior to June 13, 2013, the Federal Motor Carrier Safety Administration had found H & O employees in violation of their hours of service obligations on more than one occasion.

29. The Federal Motor Carrier Safety Administration currently considers H & O's hours-of-service compliance to be so poor that intervention is required.

30. As Defendant Colvin proceeded down Interstate 24, he maintained a high rate of speed.

31. At approximately 12:10 a.m. Defendant Colvin approached the Oldsmobile, the Honda, and the Kia.

32. Defendant Colvin failed to stop his tractor trailer as he approached the Oldsmobile, the Honda, and the Kia.

33. Defendant Colvin collided with the vehicles stopped in front of him at a high rate of speed (the "Collision").

34. The Collision set off a chain reaction in which cars were pushed into other cars.

35. The Honda was thrust into the Kia containing Mr. Schemer.

36. The Collision was of sufficient force that it caused the Oldsmobile and Honda to burst into flames.

4

37. The Collision and ensuing fire killed two people.

38. The two persons killed were friends of Mr. Schemer.

39. Mr. Schemer saw his two friends burn to death.

40. The force of the Collision caused Mr. Schemer to suffer multiple physical injuries, including a herniated disc in his back.

41. Mr. Schemer also suffered property damage due to the destruction of goods in the Kia's trunk.

42. For at least ten months after the Collision, Mr. Schemer was unable to work, forcing him to lose wages.

43. Mr. Schemer has endured physical pain and suffering, medical expenses, a loss of enjoyment of life, and permanent impairment.

44. In the future, Mr. Schemer will endure additional pain and suffering, and will require additional medical treatment.

45. Mr. Schemer's injuries have caused him a loss of capacity to earn future income.

46. Mr. Schemer has suffered emotional distress and a severe emotional injury from watching his friends burn to death.

47. At the accident scene, the Tennessee Highway Patrol cited Defendant Colvin for failing to exercise due care.

48. In March 2014, the General Sessions Court for the 16th Judicial District of Tennessee convicted Defendant Colvin of a misdemeanor offense of failing to exercise due care for his conduct on June 13, 2013.

## Section 4: Causes of Action

## FIRST CAUSE OF ACTION: NEGLIGENCE

49.     Defendant Colvin owed Plaintiff a duty to use reasonable care, which included operating the tractor trailer driven by Defendant Colvin in a reasonable, prudent, and safe manner.

50.     Defendant Colvin breached that duty of care, and was negligent in at least the following ways:

   a.     Failing to maintain a proper look-out ahead for vehicles on the roadway.

   b.     Operating the tractor trailer at an excessive and/or dangerous rate of speed.

   c.     Failing to properly control the tractor trailer.

   d.     Following too closely under the circumstances.

   e.     Failing to stop the tractor trailer without hitting the vehicles stopped on the interstate.

   f.     Striking the vehicles stopped on the Interstate, including the Kia, Oldsmobile, and Honda.

   g.     Failing to use reasonable care in operating the tractor trailer.

51.     As a direct and proximate result of these breaches of the duty of care, Mr. Schemer has suffered physical and mental injuries as well as property damage. His damages include medical expenses, physical pain and mental suffering, lost wages, loss of enjoyment of life, and permanent injury. He is expected to incur each of these harms in the future as well. He has also suffered a loss of capacity to earn income.

52.     On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O.

6

53. The actions Defendant Colvin took, or failed to take, that breached the duty of care owed Mr. Schemer occurred within the course and scope of Defendant Colvin's employment/agency with Defendant H & O.

54. Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for all negligence committed by Defendant Colvin.

## SECOND CAUSE OF ACTION: NEGLIGENCE *PER SE* (State Laws)

55. Defendant Colvin owed Plaintiff a duty to use reasonable care, which included complying with all state laws and regulations related to the operation of a tractor trailer and/or motor vehicle.

56. On June 13, 2013 Defendant Colvin breached the duty owed Plaintiff and was negligent *per se* by following too closely, which is a violation of Tenn. Code Ann. § 55-8-124.

57. On June 13, 2013 Defendant Colvin breached the duty owed Plaintiff and was negligent *per se* by driving in a reckless manner, which is a violation of Tenn. Code Ann. § 55-10-205.

58. On June 13, 2013 Defendant Colvin breached the duty owed Plaintiff and was negligent *per se* by failing to exercise due care, which is a violation of Tenn. Code Ann. § 55-8-136.

59. Defendant Colvin was convicted of violating Tenn. Code Ann. § 55-8-136.

60. As a direct and proximate result of these acts of negligence *per se,* Mr. Schemer has suffered physical and mental injuries as well as property damage. His damages include medical expenses, physical pain and mental suffering, lost wages, loss of enjoyment of life, and

permanent injury. He is expected to incur each of these harms in the future as well. He has also suffered a loss of capacity to earn income.

61.     On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O.

62.     The actions Defendant Colvin took, or failed to take, that constitute negligence *per se* occurred within the course and scope of Defendant Colvin's employment/agency with Defendant H & O.

63.     Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for all negligence *per se* committed by Defendant Colvin.

### THIRD CAUSE OF ACTION: NEGLIGENCE *PER SE* (Federal Laws)

64.     Defendant Colvin owed Plaintiff a duty to use reasonable care, which included complying with all federal laws and regulations related to the operation of a tractor trailer and/or motor vehicle.

65.     On June 13, 2013, Defendant Colvin drove more than eleven hours in the fourteen hour period preceding the Collision.

66.     Driving a tractor-trailer more than eleven hours in a fourteen hour period is a violation of 49 C.F.R. § 395.3.

67.     Defendant Colvin's conduct on June 13, 2013 was found to be a violation of 49 C.F.R. § 395.3 by the Federal Motor Carrier Safety Administration.

68.     Defendant Colvin's violation of 49 C.F.R. § 395.3 constitutes negligence *per se*.

69.     Prior to the Collision on June 13, 2013, Defendant Colvin made a false report of his record of duty status.

70. A false report of a driver's record of duty status is a violation of 49 C.F.R. § 395.8.

71. Defendant Colvin's conduct with regards to his record of duty status was found to be a violation of 49 C.F.R. § 395.8 by the Federal Motor Carrier Safety Administration.

72. Defendant Colvin's violation of 49 C.F.R. 395.8 constitutes negligence *per se*.

73. As a direct and proximate result of these acts of negligence *per se*, Mr. Schemer has suffered physical and mental injuries as well as property damage. His damages include medical expenses, physical pain and mental suffering, lost wages, loss of enjoyment of life, and permanent injury. He is expected to incur each of these harms in the future as well. He has also suffered a loss of capacity to earn income.

74. On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O.

75. The actions Defendant Colvin took, or failed to take, that constitute negligence *per se* occurred within the course and scope of Defendant Colvin's employment/agency with Defendant H & O.

76. Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for all negligence *per se* committed by Defendant Colvin.

FOURTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77. Defendant Colvin owed Plaintiff a duty to use reasonable care, which included operating the tractor trailer driven by Defendant Colvin in a reasonable, prudent, and safe manner, and complying with all applicable state and federal laws and regulations.

9

78.     Defendant Colvin breached that duty of care, and was negligent and/or negligent *per se* in at least the following ways:

a.      Failing to maintain a proper look-out ahead for vehicles on the roadway.

b.      Operating the tractor trailer at an excessive and/or dangerous rate of speed.

c.      Failing to properly control the tractor trailer.

d.      Following too closely under the circumstances.

e.      Failing to stop the tractor trailer without hitting the vehicles stopped on the interstate.

f.      Striking the vehicles stopped on the Interstate.

g.      Following too closely, which is a violation of Tenn. Code Ann. § 55-8-124.

h.      Driving in a reckless manner, which is a violation of Tenn. Code Ann. § 55-10-205.

i.      Failing to exercise due care, which is a violation of Tenn. Code Ann. § 55-8-136.

j.      Driving a tractor-trailer more than eleven hours in a fourteen hour period, which is a violation of 49 C.F.R. § 395.3.

k.      Making a false report of his record of duty status, which is a violation of 49 C.F.R. § 395.8.

l.      Failing to use reasonable care in operating the tractor trailer.

79.     As a direct and proximate result of these breaches of the duty of care owed Mr. Schemer, Mr. Schemer saw two of his friends burn to death. He also saw other friends suffer life-threatening injuries, including serious burns.

80.     As a direct and proximate result of these breaches of the duty of care owed Mr. Schemer, Mr. Schemer has suffered emotional distress and a severe emotional injury.

81.     Defendant Colvin therefore committed the tort of negligent infliction of emotional distress.

82.     On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O.

83.     The actions Defendant Colvin took, or failed to take, that constitute negligent infliction of emotional distress occurred within the course and scope of Defendant Colvin's employment/agency with Defendant H & O.

84.     Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for all negligent infliction of emotional distress committed by Defendant Colvin.

<u>FIFTH CAUSE OF ACTION: NEGLIGENT TRAINING, HIRING, AND SUPERVISION</u>

85.     Defendant H & O owed Plaintiff a duty of reasonable care, which included hiring, training, and supervising its employees so that they would not harm others in the course of their employment with Defendant H & O.

86.     Defendant H & O breached that duty of care in at least the following ways:

    a.      Failing to properly train Defendant Colvin to safely operate a tractor-trailer.

    b.      Failing to properly train Defendant Colvin to obey all federal and state traffic laws and regulations.

    b.      Failing to recognize that Defendant Colvin's continued employment with H & O placed the public at risk of harm.

11

c.    Failing to supervise Defendant Colvin's driving habits, including the operation of tractor-trailers and his compliance with all federal and state traffic laws and regulations.

d.    Maintaining a work environment in which violation of federal and state laws and regulations is tolerated.

e.    Allowing, encouraging, or requiring Defendant Colvin to violate 49 C.F.R. § 395.3 by driving more than eleven hours in the fourteen hours prior to the Collision on June 13, 2013.

f.    Allowing, encouraging, or requiring Defendant Colvin to violate 49 C.F.R. 395.8 by falsifying his record of duty status prior to the Collision on June 13, 2013.

g.    Violating 49 C.F.R. § 395.3 by failing to prevent Defendant Colvin from driving more than eleven hours in the fourteen hours prior to the Collision on June 13, 2013.

h.    Violating 49 C.F.R. § 395.8 by failing to prevent Defendant Colvin from falsifying his record of duty status.

i.    Allowing, encouraging, or requiring Defendant Colvin to violate Tenn. Code Ann. § 55-8-124 by following other vehicles too closely.

j.    Allowing encouraging, or requiring Defendant Colvin to violate Tenn. Code Ann. § 55-10-205 by driving in a reckless manner.

k.    Allowing, encouraging, or requiring Defendant Colvin to violate Tenn. Code Ann. § 55-8-136 by failing to exercise due care.

l.    Negligently mismanaging Defendant Colvin as an employee.

m.      Recklessly and/or intentionally failing to fulfill any and/or all of the above

obligations.

87.      As a direct and proximate result of these acts of negligence by Defendant H & O,

Mr. Schemer has suffered physical and mental injuries as well as property damage. His damages

include medical expenses, physical pain and mental suffering, lost wages, loss of enjoyment of

life, and permanent injury. He is expected to incur each of these harms in the future as well. He

has also suffered a loss of capacity to earn income.

<u>FIRST REQUEST FOR PUNITIVE DAMAGES</u>

88.      Defendant Colvin acted recklessly in failing to maintain a safe rate of speed on

June 13, 2013.

89.      Defendant Colvin acted recklessly in failing to stop his tractor trailer prior to

colliding with the Honda, the Oldsmobile, and the Kia.

90.      Defendant Colvin acted recklessly and/or intentionally in violating Tenn. Code

Ann. § 55-8-124, Tenn. Code Ann. § 55-10-205, and Tenn. Code Ann. § 55-8-136.

91.      Defendant Colvin recklessly and/or intentionally violated 49 C.F.R. § 395.3.

92.      Defendant Colvin recklessly and/or intentionally violated 49 C.F.R. § 395.8.

93.      Defendant Colvin's violation of 49 C.F.R. § 395.8 was fraudulent, in that he made

a false report.

94.      Each of these reckless, intentional, and/or fraudulent acts by Defendant Colvin

actually and proximately caused Plaintiff's damages. Plaintiff is therefore entitled to punitive

damages.

95.      On June 13, 2013, Defendant Colvin was an employee/agent of Defendant H & O.

96.     Defendant H & O's recklessly and/or intentionally failed to properly train, supervise, and make hiring decision regarding its employees, including Defendant Colvin. Therefore, the actions and omissions of Defendant Colvin that entitle Plaintiff to punitive damages occurred within the course and scope of Defendant Colvin's employment/agency with Defendant H & O.

97.     Because Defendant Colvin was an employee/agent of Defendant H & O who was acting within the course and scope of his employment/agency relationship, Defendant H & O is responsible via the doctrine of *respondeat superior* for all punitive damages awarded against Defendant Colvin.

## SECOND REQUEST FOR PUNITIVE DAMAGES

98.     Prior to June 13, 2013, Defendant H & O knew, or recklessly failed to know, that Defendant Colvin and other H & O drivers routinely violated federal and state traffic and motor vehicle laws.

99.     Prior to June 13, 2013, Defendant H & O knew, or recklessly failed to know, that Defendant Colvin and other H & O employees drove in a reckless manner.

100.    Despite knowing of its employees' pattern of reckless driving and violations of federal and state traffic and motor vehicle laws, Defendant H & O recklessly and/or intentionally failed to adequately train, supervise, and make employment decisions regarding its employees so as to prevent Defendant H & O's employees, including Defendant Colvin, from harming the public.

101.    Despite knowing of its employees' reckless driving and violations of federal and state traffic and motor vehicle laws, Defendant H & O recklessly and/or intentionally failed to adequately train, supervise, and make employment decisions regarding its employees so as to

14

prevent Defendant H & O's employees, including Defendant Colvin, from recklessly and/or intentionally operating tractor trailers in an unsafe manner.

102. Despite knowing of its employees' reckless driving and violations of federal and state traffic and motor vehicle laws, Defendant H & O recklessly and/or intentionally failed to adequately train, supervise, and make employment decisions regarding its employees so as to prevent Defendant H & O's employees, including Defendant Colvin, from violating state and/or federal laws and regulations related to the operation of a tractor trailer and/or motor vehicles.

103. Due to Defendant H & O's intentional and/or reckless actions, Plaintiff is entitled to punitive damages.

### Section 5: Prayer for Relief

Plaintiff asks that process be served upon the Defendants, that a judgment be entered entitling Mr. Schemer to all damages available to him under Tennessee law, including both compensatory and punitive damages, and that the bill of costs be assessed against the Defendants. Plaintiff demands that a **JURY** hear this case, and asks for all other relief the Court deems appropriate.

Respectfully submitted,

Sara F. Reynolds (#21469)
Sean C. Wlodarczyk (#30410)
Anderson & Reynolds PLC
3100 West End Avenue, Suite 225
Nashville, Tennessee 37203
(615) 942-1700
*Attorneys for Plaintiff Matthew Schemer*

**EXHIBIT 1**



U.S. Department of Transportation
**Federal Motor Carrier Safety Administration**
**A&I Online: Safety Measurement System**

H & O TRANSPORT INC                    DOT#:192981         SMS Methodology

 Print

| Carrier Information | Time Location | |
|---|---|---|
| H & O Transport Inc<br>P O Box 357<br>Campbellsville, KY 42719<br>U.S. DOT#: 192981       MC#: | Report #: | TNTCGK001035 |
| | Report State: | TN |
| | Inspection State: | TN |
| | Inspection Date: | 6/13/2013 |
| | Start-End Time: | 1132-1132 |
| | Inspection Level: | Full |
| | Inspection Facility: | Roadside |
| | Post Crash Inspection: | Yes |
| | Hazmat Placard Required: | |

### Vehicle Information

| Unit | Type | Make | State | License # | VIN # |
|---|---|---|---|---|---|
| 1 | Truck Tractor | KW | IN | 115275 | 1XKAD49X3DJ346211 |
| 2 | Semi-Trailer | UTIL | KY | 1144190T | 1UYVS2537CG437229 |

### Carrier Violation

| Violation Code | Unit | OOS | IEP** | Violation Discovered | BASIC |
|---|---|---|---|---|---|
| * 393.201(a) *** | 2 | Yes | | Frame Cracked / Loose / Sagging / Broken | Vehicle Maint. |
| * 393.201(a) *** | 1 | Yes | | Frame Cracked / Loose / Sagging / Broken | Vehicle Maint. |
| * 393.201(a) *** | 1 | Yes | | Frame Cracked / Loose / Sagging / Broken | Vehicle Maint. |
| * 393.201(b) *** | 1 | Yes | | Bolts Securing Cab Broken/Loose/Missing | Vehicle Maint. |
| * 393.201(c) *** | 2 | Yes | | Frame Rail Flange Bent/Cut/Notched Other Than By Vehicle Manufacturer | Vehicle Maint. |
| * 393.201(c) *** | 2 | Yes | | Frame Rail Flange Bent/Cut/Notched Other Than By Vehicle Manufacturer | Vehicle Maint. |
| * 393.201(c) *** | 2 | Yes | | Frame Rail Flange Bent/Cut/Notched Other Than By Vehicle Manufacturer | Vehicle Maint. |
| * 393.201(c) *** | 2 | Yes | | Frame Rail Flange Bent/Cut/Notched Other Than By Vehicle Manufacturer | Vehicle Maint. |
| * 393.203(a) *** | 1 | Yes | | Cab Front Bumper Missing/Unsecured/Protrude | Vehicle Maint. |
| * 393.207(a) *** | 1 | Yes | | Axle Positioning Parts Defective / Missing | Vehicle Maint. |
| * 393.207(c) *** | 1 | Yes | | Leaf Spring Assembly Defective / Missing | Vehicle Maint. |
| * 393.207(c) *** | 1 | Yes | | Leaf Spring Assembly Defective / Missing | Vehicle Maint. |
| * 393.209(d) *** | 1 | Yes | | Steering System Components Worn, Welded, Or Missing | Vehicle Maint. |
| * 393.75(a) *** | 1 | Yes | | Flat Tire Or Fabric Exposed | Vehicle Maint. |
| * 393.75(a) *** | 1 | Yes | | Flat Tire Or Fabric Exposed | Vehicle Maint. |
| * 393.80 *** | 1 | No | | No Or Defective Rear-Vision Mirror | Vehicle Maint. |
| * 393.9H *** | 1 | Yes | | Inoperable Head Lamps | Vehicle Maint. |
| * 393.9TS *** | 1 | Yes | | Inoperative Turn Signal | Vehicle Maint. |
| 395.3(a)(3)-PROP | Driver | No | | Driving Beyond 11 Hour Driving Limit In A 14 Hour Period. (Property Carrying Vehicle) | Hos Compliance |
| 395.3(a)(3)-PROP | Driver | No | | Driving Beyond 11 Hour Driving Limit In A 14 Hour Period. (Property Carrying Vehicle) | Hos Compliance |
| 395.8(e) *** | Driver | No | | False Report Of Drivers Record Of Duty Status | Hos Compliance |
| 395.8(e) *** | Driver | No | | False Report Of Drivers Record Of Duty Status | Hos Compliance |
| 395.8(e) *** | Driver | No | | False Report Of Drivers Record Of Duty Status | Hos Compliance |
| 395.8(e) *** | Driver | No | | False Report Of Drivers Record Of Duty Status | Hos Compliance |
| 395.8(e) | Driver | Yes | | False Report Of Drivers Record Of Duty Status | Hos Compliance |

* Post Crash Violation
** IEP = Y: Violation not attributed to motor carrier-assigned to the Intermodal Equipment Provider (IEP)
*** Violation not included in the SMS score calculation



Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Site Map | Plug-ins

Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 • 1-800-832-5660 • TTY 1-800-877-8339 • Field Office Contacts

Case 3:14-cv-01442   Document 1-1   Filed 07/10/14   Page 24 of 26 PageID #: 27

Department of Transportation
**Federal Motor Carrier Safety Administration**
A&I Online: Safety Measurement System

A&I LOGIN | CONTACTS | FEEDBACK | FMCSA.GOV | FMCSA PORTAL | DOT.GOV

Search All FMCSA Sites 

SMS HOME        CARRIER SEARCH        REPORTS        DOWNLOADS        INFORMATION CENTER

SMS Home > BASIC Details

## H & O TRANSPORT INC                    DOT#:192981

SMS Methodology

## Hours-of-Service (HOS) Compliance
Operation of CMVs by drivers who are ill, fatigued, or in non-compliance with the Hours-of-Service (HOS) regulations. (FMCSR Parts 392 and 395)

### BASIC Overall Status
Exceeds the Intervention Threshold to be prioritized for intervention and Cited with a serious violation within the previous 12 months
**(Based on a 24-month record ending May 30, 2014)**

| Scope: | Logged in users only ▼ |
|---|---|
| File Type: | Excel ▼ |

DOWNLOAD

**On-road Performance Overview**



66.1%

MEASURE: **1.12**

PERCENTILE: **66.1%**

(Threshold: 60%)

Safety Event Grouping
●
101-500

Print this page

Relevant Inspections: 123
Total Inspections with HOS Compliance Violations: 14
Total HOS Compliance Violations: 20

**Select a topic below to view information:**
- **What is a percentile?**
- **How is a carrier's Behavior Analysis and Safety Improvement Category (BASIC) Overall Status determined?**
- **What can a motor carrier do to improve?**
- **How can a carrier improve in the Hours-of-Service (HOS) Compliance Behavior Analysis and Safety Improvement Category (BASIC)?**

**View all possible HOS Compliance violations**

HOS COMPLIANCE

| | | | | |
|---|---|---|---|---|
| 392.3-I | Illness - Operate a CMV while impaired by illness or other cause | 1 | 1 | 10 |
| 395.3A2-PROP | Driving beyond 14 hour duty period (Property carrying vehicle) | 3 | 3 | 7 |
| 395.3(a)(3)(ii) | Driving beyond 8 hour limit since the end of the last off duty or sleeper period of at least 30 minutes | 1 | 0 | 7 |
| 395.3A3-PROP | Driving beyond 11 hour driving limit in a 14 hour period. (Property Carrying Vehicle) | 2 | 1 | 7 |
| 395.8 | Driver's record of duty status (general/form and manner) | 2 | 0 | 1 |
| 395.8(e) | False report of driver's record of duty status | 5 | 5 | 7 |
| 395.8(f)(1) | Driver's record of duty status not current | 5 | 0 | 5 |
| 395.8(k)(2) | Driver failing to retain previous 7 days' logs | 1 | 1 | 5 |

Go to Page: [ 1 ▼ ]  Violations per page [ 10 ▼ ]       Displaying 1 - 8 of 8 Violations

## INSPECTION HISTORY

Inspection Filter Options: ○ Relevant Inspections ● Inspections with violations

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/25/2014 | TNT8DV001551 | TN | 115269 | IN | Truck Tractor | 1 | 3 | 3 |
| | Violation: 395.8 Driver's record of duty status (general/form and manner) (Non-OOS) | | | | | | 1 | | |
| 2 | 4/13/2014 | KY0CCR003594 | KY | 2154762 | IN | Truck Tractor | 9 | 3 | 27 |
| | Violation: 395.8(e) False report of driver's record of duty status (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| 3 | 12/16/2013 | AR523D002321 | AR | 2055435 | IN | Truck Tractor | 16 | 3 | 48 |
| | Violation: 395.3A2-PROP Driving beyond 14 hour duty period (Property carrying vehicle) (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| | Violation: 395.3(a)(3)(ii) Driving beyond 8 hour limit since the end of the last off duty or sleeper period of at least 30 minutes (Non-OOS) | | | | | | 7 | | |
| 4 | 11/22/2013 | AZ0000779313 | AZ | 2126005 | IN | Truck Tractor | 14 | 2 | 28 |
| | Violation: 395.8(e) False report of driver's record of duty status (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| | Violation: 395.8(f)(1) Driver's record of duty status not current (Non-OOS) | | | | | | 5 | | |
| 5 | 8/31/2013 | AZ0000784135 | AZ | 181757 | IN | Truck Tractor | 12 | 2 | 24 |
| | Violation: 392.3-I Illness - Operate a CMV while impaired by illness or other cause. (OOS) | | | | | | 12 | =10 (viol weight) + 2 (OOS) | |
| 6 | 8/30/2013 | IN7102000967 | IN | 115271 | IN | Truck Tractor | 5 | 2 | 10 |
| | Violation: 395.8(f)(1) Driver's record of duty status not current (Non-OOS) | | | | | | 5 | | |
| 7 | 6/13/2013 | TNTCGK001035 | TN | 115275 | IN | Truck Tractor | 16 | 2 | 32 |
| | Violation: 395.3A3-PROP Driving beyond 11 hour driving limit in a 14 hour period. (Property Carrying Vehicle) (Non-OOS) | | | | | | 7 | | |
| | Violation: 395.8(e) False report of driver's record of duty status (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| 8 | 4/12/2013 | KY0HHF001138 | KY | 260539 | IN | Truck Tractor | 9 | 1 | 9 |
| | Violation: 395.3A2-PROP Driving beyond 14 hour duty period (Property carrying vehicle) (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| 9 | 4/10/2013 | AZ0233001431 | AZ | 2126005 | IN | Truck Tractor | 6 | 1 | 6 |
| | Violation: 395.8 Driver's record of duty status (general/form and manner) (Non-OOS) | | | | | | 1 | | |
| | Violation: 395.8(f)(1) Driver's record of duty status not current (Non-OOS) | | | | | | 5 | | |
| 10 | 2/16/2013 | AZ0127005060 | AZ | 181757 | IN | Truck Tractor | 9 | 1 | 9 |
| | Violation: 395.8(e) False report of driver's record of duty status (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| 11 | 1/21/2013 | NC0005537837 | NC | 173421 | IN | Truck Tractor | 5 | 1 | 5 |
| | Violation: 395.8(f)(1) Driver's record of duty status not current (Non-OOS) | | | | | | 5 | | |
| 12 | 10/23/2012 | CA39UK016634 | CA | 2014108 | IN | Truck Tractor | 18 | 1 | 18 |
| | Violation: 395.3A2-PROP Driving beyond 14 hour duty period (Property carrying vehicle) (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| | Violation: 395.3A3-PROP Driving beyond 11 hour driving limit in a 14 hour period. (Property Carrying Vehicle) (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |
| 13 | 8/11/2012 | GACAN3006634 | GA | 115273 | IN | Truck Tractor | 12 | 1 | 12 |
| | Violation: 395.8(f)(1) Driver's record of duty status not current (Non-OOS) | | | | | | 5 | | |
| | Violation: 395.8(k)(2) Driver failing to retain previous 7 days' logs (OOS) | | | | | | 7 | =5 (viol weight) + 2 (OOS) | |
| 14 | 7/11/2012 | KYCCCH000395 | KY | 115269 | IN | Truck Tractor | 9 | 1 | 9 |
| | Violation: 395.8(e) False report of driver's record of duty status (OOS) | | | | | | 9 | =7 (viol weight) + 2 (OOS) | |

Go to Page: [ 1 ▼ ]  Inspections per page [ 25 ▼ ]       Displaying 1 - 14 of 14 Inspections

***-The sum of all violation severity weights (viol weight + OOS) for this inspection has been capped at 30.



**Case 3:14-cv-01442   Document 1-1   Filed 07/10/14   Page 26 of 26 PageID #: 29**

https://ai.fmcsa.dot.gov/SMS/Data/BASICs.aspx?enc=Q+Fxr1kXYvGTu+9WOFcm==#